IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ROBERT GREGORY LEYVA, )
)
       Petitioner/Defendant, )
)
vs. ) Case No. CIV-16-177-RAW
) Criminal Case No. CR-02-83-RAW
UNITED STATES OF AMERICA, )
)
       Respondent/Plaintiff. )

## ORDER

This matter comes before the court on the government's Motion to Reconsider Order and Alter or Amend Judgment, pursuant to Fed.R.Civ.P. 59(e). The government contends the order and resulting judgment entered on January 20, 2017 (Dkt. #s 10 and 11, respectively) were based on an error of law regarding Defendant's Oklahoma First Degree Manslaughter conviction and whether that conviction constitutes a "crime of violence under U.S.S.G. § 4B1.2(a)(1). Petitioner has not filed any response to said motion.

In its earlier opinion, this court found that Oklahoma's manslaughter statute was not a "crime of violence" as defined by U.S.S.G. § 4B1.2(a)(1) because "there are ways to kill someone that would not necessarily involve physical force such as placing poison in a person's drink or food." Dkt. # 10, at p. 6. The government urges this court to reconsider in light of *United States v. Castleman*, 134 U.S. 1405 (2014) and *United States v. Bouziden*, 2017 W.L. 149988 (W.D.OK. Jan 13, 2017).

After reviewing these cases, this court reconsiders its earlier order (Dkt. # 10) and withdraws the same. Additionally, the court withdraws the judgment (Dkt. # 11) entered herein on January 20, 2017. This order shall be substituted in place of the earlier order and the Judgment and Commitment entered in Case No. 02-CR-83-RAW on March 7, 2003 shall be reinstated. The original Presentence Report completed on January 30, 2003 was and is the basis for this court's judgment herein.

This is a proceeding initiated by the above-named petitioner who is an inmate at the Federal Correctional Institute in El Reno, Oklahoma. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner seeks relief under § 2255(a) claiming his custodial sentence was enhanced through the residual clause in the career offender sentencing guideline, in violation of the constitution of the United States as pronounced in *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and made retroactive by *Welch v. United States*, 136 S.Ct. 1257 (2016). *See*, Dkt. # 1.

The court has reviewed the relevant trial court records associated with Criminal Case No. CR-02-83-RAW. The records reflect that, on November 13, 2002, Petitioner was indicted in a two-count indictment charging him with Count I, Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g)(1) and 924(e); and Count II, Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(e). On December 23, 2002, Petitioner entered a plea of guilty to Count One of the indictment.

Thereafter, the United States Probation Office prepared a Presentence Report ("PSR"), calculating the Defendant's advisory sentencing range under the 2002 guidelines with a Total Offense Level of 25. *See*, PSR at ¶s 13 and 22. Defendant was sentenced to 200 months, on March 5, 2003, as an Armed Career Criminal based on three prior convictions for violent felonies, to-wit: Aggravated Robbery, Felony First Degree out of Dallas County District Court, Dallas, Texas, Docket Number C74-848-J; Injury of a Minor Child out of McCurtain County, Oklahoma District Court, Case Number CRF-98-176; and Manslaughter, First Degree out of McCurtain County, Oklahoma District Court, Case Number CRF-98-176. *Id.*, at ¶s 23, 28, 34, 35 and 60. Application of the Armed Career Criminal Act enhancement, 18 U.S.C. § 924(e), resulted in a total offense level of 31, and a guideline imprisonment range of 188 to 235 months.. *Id.*, at ¶ 62. Defendant did not perfect an appeal.

On May 11, 2016, Petitioner, appearing *pro se*, filed the instant motion to vacate seeking sentencing relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). *See*, Dkt. # 1. Petitioner does not identify how *Johnson* affects his sentence. Rather, his motion simply states he is seeking relief "in whole or part based on *Johnson v. U.S.A.* 135 S.Ct. 2551 (2015)." *Id.*, at p. 4.

Under the Armed Career Criminal Act of 1984, more severe punishment, *i.e.* a mandatory minimum sentence of 15 years of imprisonment and a maximum sentence of life, is imposed upon a defendant convicted of being a felon in possession of a firearm if he has three previous convictions by any court for a "violent felony." 18 U.S.C. § 924(e)(2)(B). The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that–
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Section (i) is generally referred to as the "force"[1] prong or "elements clause"[2] of the statute. The first part of section (ii) which lists four specific offenses is usually referred to as the "enumerated felonies" prong. *United States v. Elliott*, 757 F.3d 492, 494 (6th Cir. 2014). The second part of section (ii) referring to conduct which "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." *Id*.

In *Johnson*, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause, *i.e.*, the offense "involves conduct that presents a serious potential

---

[1] *Braden v. United States*, 817 F.3d 926, 932 (6th Cir. 2016).

[2] *In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016).

risk of physical injury to another" violates the Due Process clause because the residual clause is impermissibly vague on its face. In holding the residual clause unconstitutional, the Court explicitly held that the decision in *Johnson* "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*, 135 S.Ct., at 2563. *See e.g., In re Robinson*, 822 F.3d 1196 (11th Cir. 2016) ("Even if the armed robbery offense doesn't count under the residual clause because of *Johnson,* it appears to contain "as an element the use, attempted use, or threatened use of physical force against the person of another. Neither *Johnson* nor any other case suggests [the defendant's] armed robbery and aggravated battery offenses don't count as ACCA predicates under the "elements clause."); *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015)("[E]ven in light of the Supreme Court's invalidation of the residual clause, this Court's determination remains unchanged that under the categorical approach, robbery in Tennessee is a predicate offense under the use-of-force clause."); and *Braden v. United States*, 817 F.3d 926 (6th Cir. 2016).

The question before the court is whether Petitioner's prior convictions qualify as "violent crimes" under the elements clause of 18 U.S.C. § 924(e)(2)(B). Petitioner's Texas conviction for Aggravated Robbery is deemed a "violent crime." *See, e.g. United States v. Longoria*, 2015 WL 7583008 (S.D.Tex. 2015)(Texas's aggravated robbery statute "has an element the use, attempted use, or threatened use of physical force against the person of another.")

The government argues Petitioner's conviction for Injury to a Child is a "violent crime" under the elements clause of 18 U.S.C. § 924(e)(2)(B). The government cites this court to 21 Okl.Stat.Ann. § 843.5(A) and Oklahoma's Uniform Jury Instructions used with that statute. According to the Information and Judgment of this conviction, however, the

4

Petitioner was convicted of a violation of 21 Okl.St.Ann. § 7115, which provides, in part, as follows:

> Any parent or other person who shall willfully or maliciously engage in child abuse or neglect or who shall otherwise willfully or maliciously injure, torture, maim, use unreasonable force upon a child under the age of eighteen (18), or sexually abuse, sexually exploit or otherwise abuse or neglect such child, or who shall willfully or maliciously cause, procure or permit any of said acts to be done, shall upon conviction be guilty of a felony. . . . . .

This statute is similar to the Texas statute dealing with aggravated sexual assault discussed in *United States v. Madrid*, 805 F.3d 1204 (2015). When a statute is divisible such that it creates multiple, alternative elements, a court uses a "modified categorical approach" to "identify, from among several alternatives, the crime of conviction." *Descamps v. United States*, 133 S.Ct. 2276, 2285 (2013). The Oklahoma statute under which Petitioner was convicted is divisible, as it contains alternative elements creating different crimes. A review of the state court information reveals Mr. Leyva was charged under the "willfully, maliciously and intentionally injure or use unreasonable force upon a minor child" provision of the above referenced statute. Moreover, according to the state court Judgment and Sentence, Mr. Leyva entered a plea of *Nolo Contendere*. Therefore, this Court finds Petitioner's Injury of a Minor Child conviction was a "violent crime" under the elements clause of 18 U.S.C. § 924(e)(2)(B).

Next, the government argues Petitioner's Oklahoma conviction for First Degree Manslaughter was deemed a "crime of violence" pursuant to U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) because "manslaughter" is an enumerated crime in the application note. After considering what must be proven by the prosecution to sustain a conviction under 21 Okla.Stat.Ann. § 711, this court finds the statute is divisible in that it is comprised of "multiple alternative versions of the crime." *Descamps v. United States*, — U.S. —, 136 S.Ct. 2243, 2284-85 (2016). In fact, the Oklahoma Court of Criminal Appeals has adopted different

5

sets of uniform jury instructions to apply to each subdivision of the statute. *Bouziden*, 2017 W.L. 149988 at *2. As a result, this court will apply the "modified categorical approach" which permits the court to review "the terms of the plea agreement or transcript of colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shephard v. United States*, 544 U.S. 13, 26 (2005).

The Information in McCurtain County, State of Oklahoma, Case No. CRF-98-176, charged Petitioner with Murder in the Second Degree in violation of 21 Okla.Stat.Ann. § 701.8(1). According to the Judgment and Sentence, however, Petitioner entered a plea of Nolo Contendere to Manslaughter, First Degree in violation of 21 Okla.Stat. § 711(2). Oklahoma's manslaughter statute, 21 Okla. Stat. § 711, provides:

> Homicide is manslaughter in the first degree in the following cases:
>
> 1. When perpetrated without a design to effect death by a person while engage in the commission of a misdemeanor.
>
> 2. When perpetrated without a design to effect death, and in the heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon, unless it is committed under such circumstances as constitute excusable or justifiable homicide.
>
> 3. When perpetrated unnecessarily either while resisting an attempt by the person killed to commit a crime, or after such attempt shall have failed.

To be convicted of violating § 711(2) the jury must find beyond a reasonable doubt that a defendant killed another person either in a cruel and unusual manner or by means of a dangerous weapon. *See* OUJI-CRIM 4-95. Moreover, the information and affidavit in support of the information in Petitioner's case indicates, Mr. Leyva apparently struck his victim in the head with his hands causing the victim's death. As a result, this court finds the crime for which Petitioner was convicted "has an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I).

6

Therefore, this Court finds Petitioner's manslaughter conviction was a "violent crime" under the elements clause of 18 U.S.C. § 924(e)(2)(B).

## CONCLUSION

For the reasons stated herein, this Court finds Defendant's three predicate offenses are violent felonies under the ACCA; to wit: Aggravated Robbery, Felony First Degree, Dallas County District Court, Dallas, Texas, Docket No. C74-848-J; Injury of a Minor Child, District Court, McCurtain County, Oklahoma, Case No. CRF-98-169; Manslaughter, First Degree, District Court, McCurtain County, Oklahoma, Case No. CRF-98-176. Accordingly, Petitioner's Motion to Vacate (Dkt. # 1) is hereby **denied**. Further, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, this Court hereby declines to issue a certificate of appealability.

Further, as indicated herein, the Order (Dkt. # 10) and Judgment (Dkt. # 11) entered on January 20, 2017 is hereby withdrawn and the Judgment and Commitment entered in Case No. 02-CR-83-RAW on March 7, 2003 shall be reinstated. The original Presentence Report completed on January 30, 2003 was and is the basis for this court's judgment herein.

**IT IS SO ORDERED** this 15th day of March, 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma